AO 472 (Rev. 1/25) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## for the
_____ District of ____KANSAS____

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | )    Case No.    <u>26-mj-08089-ADM</u> |
| CHRISTIAN PAGE | ) |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ **A.** Motion of the Government or the Court's own motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(1) because the defendant is charged with:

   ☒ **(1)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in l8 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

   ☐ **(2)** an offense for which the maximum sentence is life imprisonment or death; **or**

   ☐ **(3)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**

   ☐ **(4)** any felony if such person has been convicted of two or more offenses described in Subparagraphs (1) through (3) of this paragraph or two or more of such offenses if a circumstance giving rise to federal jurisdiction had existed, or a combination thereof; **or**

   ☒ **(5)** any felony that is not otherwise a crime of violence but involves **(a)** a minor victim; **(b)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(c)** any other dangerous weapon; or **(d)** a failure to register under 18 U.S.C. § 2250;

     **OR**

☐ **B.** Motion of the Government or the Court's own motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

   ☐ **(1)** a serious risk that the defendant will flee if released; **or**

   ☐ **(2)** a serious risk that the defendant will obstruct or attempt to obstruct justice or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror if released.

The Court found that the Government established one or more of the factors above, held a detention hearing, and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

AO 472 (Rev. 1/25) Order of Detention Pending Trial

**Part III - Analysis and Statement of the Reasons for Detention**

After considering any applicable presumption, the nature and circumstances of the defendant's alleged conduct, the defendant's history and characteristics, the other factors set forth in 18 U.S.C. § 3142(g), the information presented at the detention hearing, and the available conditions of release under 18 U.S.C. § 3142(c), the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

The reasons for detention include the following checked items (*After this list, add any additional items or explanations as needed to comply with the requirement for a written statement of reasons under 18 U.S.C. § 3142(i).*):

☒ The offense charged is a crime of violence and involves minor victims.  See below.

☒ Weight of evidence against the defendant is strong, particularly given the evidence the government has already been able to gather from electronic surveillance techniques, including his digital footprint and efforts to evade detection via encryption techniques and applications designed to obfuscate location and identity—all as explained in the Complaint and during the detention hearing.

☒ Subject to lengthy period of incarceration if convicted—up to 20 years.

☒ Lack of suitable release plan.  Defendant lives in a home owned by his maternal grandmother, where his parents also live and two minor grandchildren occasionally visit.  The home has numerous devices with Internet capabilities—*e.g.*, 5 smart TVs, numerous laptops and iPhones, a gaming system, etc.  When LEOs executed the arrest warrant in this case, the home was cluttered and filthy.  Agents observed 8 dogs, 2 squirrels, 1 cat, approximately 5 chickens and ducks, a geico, and an unknown number of rodents living in the home.  There were obvious signs of hoarding, the stench of ammonia, and animal feces everywhere.  One room used for cats had hundreds of open, empty cans.  In some places, the floor is missing.  LEOs called the CPS hotline because the defendant's niece and nephew spend time there.  Defendant currently resides in the living room, and LEOs observed an anatomically correct sex doll at the foot of his bed.  The box it came in says "Barely Legal" and the model on the front of the box has braces on her teeth.  Defendant rarely leaves the home.  His parents professed that they were unaware of defendant's possession of CSAM.

☒ Lack of stable employment.  Defendant has no real job.  He reportedly works for Azura Amphitheater "a few days a month"—*i.e.*, the "occasional" weekend during concert events.  He is 24 years old, lives at home, earns less than $1,000 per month, his parents "pay for everything," and his father drives him to work.  He does not contribute to any of the household expenses.

☒ Defendant's history and other characteristics, including the following:

- His physical and mental condition.  The record presented a deeply troubling portrait of the defendant's physical and mental health.  He has a history of asthma, broken arms, nose injury, high resting heart rate (ostensibly due to his anxiety), and a TBI.  He experiences severe anxiety, PTSD, and a history of self-harm.  He has been diagnosed with bipolar disorder, maniac depressant, and possibly schizophrenia.  He has been hospitalized twice for suicide attempts.  He made multiple suicidal statements to LEO after he was arrested in this case and during transport.
- His efforts to avoid law enforcement detecting his online activities.

☒ History of alcohol or substance abuse.  He reported that he is a "heavy user" of marijuana and previously had an addiction to ketamine, which he attended inpatient treatment services to address.

☒ Prior criminal history.  Defendant posted a nude image of Adult #1 on Telegram, for which he was arrested on January 15, 2026, and has pending charges against him in Leavenworth County for Breach of Privacy; Disseminate Sexual Media of Person Over 18.

☒    The defendant's release poses serious danger to any person or the community.

OTHER REASONS OR FURTHER EXPLANATION:

After defendant's arrest in January 2026, LEOs seized the Samsung phone on his person and later obtained a search warrant for it and the FBI assisted with a forensic examination.  The phone had Telegram and Signal apps on it.  The cache for Signal included a suspected CSAM video involving an adult male attempting to vaginally penetrate and then masturbating and ejaculating on a toddler.  After obtaining another search warrant for CSAM, the examiner located additional CSAM videos in the cache, including one with adolescent females exposing their genitalia, adult males inserting their erect penises into prepubescent and toddler female's mouths, and additional sexual activity among prepubescent males and females, including vaginal penetration.  The Telegram account also had various indicia linking it to defendant, and it had approximately 23 CSAM images and videos in the "Saved Messages" folder.  A few examples, all dated September 26, 2025, contain similarly disturbing content and are described in greater detail on Page 9 of the complaint.  (ECF 1.)

After defendant's arrest in this case, LEOs seized another telephone they found in the room in the residence where defendant had reportedly been staying.  Page said he had "lost it" (meaning, the phone).  That phone, too, had various indicia showing it was defendant's, including selfie images, location information, and a copy of the arrest report from his arrest by Leavenworth County Sheriff's Officers in January 2026.  On that phone, LEOs have so far identified at least 19 more child erotica videos and at least 3 more CSAM videos, 2 of which were from September of 2025 and one of which was from May 3, 2026—*after* defendant had already been arrested and charged in the Leavenworth County case and the day before his arrest in this case.  The May 3 video involves an adult male sexually abusing an infant.

Collectively, the two cellular phones contain evidence of other deviant behavior, such as the following:
- A screen capture stating: "Important: post new videos or personal captures of girls age 7-12 only.  13 is ok too."
- Posts saying: "You're the child that I love raping," "I want to keep fucking children.  LOL," and a post to a minor he was attempting to extort saying "My life goal is to rape and kill you."
- Screenshots in which defendant boasted that he had "convinced others to commit suicide" and about "manipulating girls into suicide," and "The rush you get from a girl killing herself.  It's so fucking juicy."
- A doxxing post and a post about extortion, saying "pretty sure she changed it after we leaked her nudes again."
- Posts to the effect of "my life is over.  I have nothing left."
- The device seized on May 4 also had an IP logger app designed to capture IP addresses.

The court is mindful that it is required to impose the least restrictive conditions necessary to reasonably assure that defendant will appear at later proceedings in this case and the safety of others.  To that end, the court considered the conditions proposed by defendant, such as requiring him to get mental health treatment, refrain from using controlled substances, have no contact with minors, and comply with the USPO's computer and internet monitoring policy.  His parents are reportedly willing to ensure with those device requirements in the home.  But the court finds that these conditions are insufficient to mitigate the risks involved with his release.  Although it is clear that defendant needs mental health treatment, the court is unaware of any available treatment options that would be sufficient to mitigate the risk of suicide or defendant's other dire mental health concerns that pose an imminent risk to the safety of others.  And the court has zero confidence that defendant will comply with the USPO's computer and internet monitoring policy.  He has already gone to great lengths to conceal his online behavior.  He is sophisticated in encryption techniques and other methods to avoid detection of his online activities.  He also concealed the other phone that LEOs found during the search of his residence on May 4.  Lastly, the court is unpersuaded that the parents' promised oversight would have any impact on the defendant's behavior given their apparent lack of good parenting to date and their lack of awareness of defendant's deviant behavior, which has been ongoing in their own home for quite some time.

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:            5/11/2026                                    s/Angel D. Mitchell
                                                           U.S. Magistrate Judge